# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WARDELL WOODS**                                                                                   **PLAINTIFF**
**#167937**

**V.**                               **NO. 4:22-cv-00902-JM-ERE**

**HIGGINS,** *et al.*                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.     Procedures for Filing Objections:

This Recommendation for dismissal has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.    Introduction:

Paul Criswell, an inmate at the Pulaski County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of himself and 45 other inmates, including Plaintiff Wardell Woods, a pre-trial detainee. *Doc. 1*.

Pursuant to Court policy, the Court opened 46 different lawsuits, including this one for Mr. Woods.

In the complaint, Mr. Criswell alleged that: (1) the conditions of *his* confinement are unconstitutional; (2) Detention Facility staff have interfered with the inmates' right to practice their religion; (3) Detention Facility staff have denied inmates showers, outdoor recreation, access to mail, and access to the law library; and (4) Detention Facility staff have denied inmates medical treatment and medication. Because Mr. Woods did not allege how the named Defendants violated his constitutional rights, the Court postponed the screening process to provide Mr. Woods an opportunity to file an amended complaint to clarify his constitutional claims. *Doc. 4.*

Mr. Woods has now filed an amended complaint (*Doc. 5*),[1] which the Court has screened as required by the Prison Litigation Reform Act.[2] For reasons that

---

[1] The Court advised Mr. Woods that an amended complaint, if filed, would supersede the original complaint, so his amended complaint had to include all allegations relevant to the claim(s) he wants to pursue in this lawsuit. *Doc. 4*. In his amended complaint, Mr. Woods fails to identify or name as Defendants Sheriff Higgins, Captain Calvin, Major Thompson, or any unidentified deputies. Accordingly, Mr. Woods has abandoned his claims against those Defendants.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

follow, the Court recommends that the pleading be dismissed for failure to state a plausible constitutional claim for relief.

## III. <u>Discussion</u>:

Mr. Woods alleges that, from July 4-7 from 3:00 p.m. until 11:00 p.m.; July 12-14 from 3:00 p.m. until 11:00 p.m.; July 18-19 from 3:00 until 11:00 p.m.; July 20-21 from 3:00 until 11:00; July 27-28 from 3:00 p.m. until 11:00 pm; August 11 from 7:00 a.m. until 3:00 p.m.; August 13 from 7:00 a.m. until 3:00 p.m.; August 16-18 from 3:00 p.m. until 11:00 p.m.; and August 29 from 7:00 a.m. until 3:00 p.m., PCDF staff kept him and other detainees locked in their cells with "opened link doors." *Doc. 5 at 4*. Mr. Woods alleges that during these temporary lockdowns, he and other detainees had no access to: (1) showers; (2) recreation; (3) the law library; (4) the telephone; (5) the mail; and (6) the kiosks. *Id*. at 5-6. Mr. Woods sues Officer McFadden, Officer Robinson, and Officer Grant seeking compensatory damages and injunctive relief.

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Mr. Woods is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "'so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. (quoting *Bell*, 441 U.S. at 539).

Mr. Woods' complaint fails to allege facts showing that the circumstances of his confinement rose to the level of unconstitutional pretrial confinement. This inquiry depends on the totality of the circumstances, including the duration of the

allegedly harsh conditions, "and not any particular condition in isolation." *Stearns*, 957 F.3d at 909. Mr. Woods alleges that he and other inmates went without showers, recreation, access to a law library, a telephone, mail or "kiosks" during limited hours for, at most, a three day time period. He concludes, without providing any details, that the lockdown prohibited him from "trying to plan an adequate defense," and causing a "hostile" environment. *Doc. 5 at 5*.

Mr. Woods does *not* claim that the temporary lockdowns were intended as punishment, and none of his allegations support such a theory. Nor does Mr. Woods allege that the lockdowns were unrelated to a legitimate governmental purpose; instead, his allegations indicate that a security concern (open link doors) precipitated the lockdowns. Finally, Mr. Woods alleges no facts demonstrating that the temporary lockdowns, which lasted no more than eight hours at a time, were arbitrary or excessive in relation to the legitimate purpose of maintaining the safety and security of the detention facility.

As alleged, the totality of the circumstances of Mr. Woods' pretrial confinement did not violate the Fourteenth Amendment.[3] Both the Eighth Circuit

---

[3] The Eighth Circuit has also held that the denial of shower privileges, recreation, and access to the telephone for short time periods does not constitute an Eighth Amendment violation. See *Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (finding that providing an inmate with only two showers per week was not an Eighth Amendment violation); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that the lack of outside recreation for thirteen days was not a constitution violation); and *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (prisoners do not have a right to unlimited phone use). While Mr. Woods is a pre-trial detainee rather than a convicted prisoner, this case law is persuasive. Furthermore, Mr. Woods failed to

Court of Appeals and courts in this district have held that conditions far worse than those alleged here passed constitutional muster. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was exposed to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation); *Pillow v. Ryals*, No. 4:20-CV-222-DPM-JTR, 2020 WL 6445917, at *3 (E.D. Ark. Nov. 3, 2020), report and recommendation adopted, No. 4:20-CV-222-DPM, 2020 WL 7481999 (E.D. Ark. Dec. 18, 2020) ("six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a

---

allege he suffered any "actual injury" necessary to support an access to the court claim, and there is no constitutional right to an inmate grievance procedure. See *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (inmate must show that a non-frivolous legal claim was "frustrated or . . . impeded"); and *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Finally, with regard to Mr. Woods claim that Defendants failed to provide him access to his mail for such limited time periods, this Court has held that an eight-day delay between the posting of mail and receipt by an inmate "was not unreasonable, and therefore, [did] not support a [pre-trial detainee's] First Amendment claim for relief."). *Allen v. Emberton*, 2020 WL 5491475, at *3 (E.D. Ark. Aug. 17, 2020), report and recommendation adopted, 2020 WL 5439558 (E.D. Ark. Sept. 10, 2020).

leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink" failed to establish a constitutional violation).

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Woods' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3.   The Clerk be instructed to close this case.

Dated this 3rd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE